Mikal Omar **RASUL, Petitioner—**
**Appellant,**

v.

Janet **NAPOLITANO; Terry L. Stew-**
**art, Director; David Cluff, Re-**
**spondents—Appellees.**

No. 04–15937.

United States Court of Appeals,
Ninth Circuit.

Submitted July 13, 2005.*

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Decided July 19, 2005.

Thomas Andrew Gorman, Esq., Sedona, AZ, for Petitioner–Appellant.

Jon G. Anderson, Esq., Office of the Arizona Attorney General, Phoenix, AZ, Alan L. Amann, Office of the Arizona Attorney General, Tucson, AZ, for Respondents–Appellees.

Before: SILVERMAN, WARDLAW, and CLIFTON, Circuit Judges.

MEMORANDUM **

Arizona prisoner Mikel Omar Rasul appeals from a judgment of the district court dismissing his petition for writ of habeas corpus under 28 U.S.C. § 2254. Rasul argues that his right to counsel was violated when the Arizona Court of Appeals refused to provide him with counsel on his direct appeal. We have jurisdiction under 28 U.S.C. § 2253. We review the district court's denial of Rasul's habeas petition *de novo. Handa v. Clark,* 401 F.3d 1129, 1132 (9th Cir.2005). The decision of the Arizona Court of Appeals is reviewed under the Antiterrorist and Effective Death Penalty Act, 28 U.S.C. § 2254 ("AEDPA"). *See Lockyer v. Andrade,* 538 U.S. 63, 70–71, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). We reverse.

In *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), the Supreme Court held that equal protection guarantees a defendant the right to appointed counsel on direct appeal. *See also Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985) (holding that due process requires effective appointed counsel on direct appeal). The Court reaffirmed that right most recently in *Halbert v. Michigan,* —— U.S. ——, 125 S.Ct. 2582, —— L.Ed.2d —— (2005).

The Arizona Court of Appeals refused to appoint *appellate* counsel for Rasul based solely on his forfeiture of counsel prior to *trial.* However, Rasul's behavior in front of the trial court cannot amount to forfeiture of the fundamental right of counsel on appeal. The decision of the Arizona Court of Appeals was an unreasonable application of a long line of Supreme Court precedent guaranteeing counsel on direct appeal.[1] *See Penson v. Ohio,* 488 U.S. 75, 84, 88, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988) ("[T]he right to be represented by counsel is among the most fundamental of rights" and it "does not cease as the prosecutorial

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We do not suggest that a defendant cannot forfeit his right to counsel on appeal, but rather that such forfeiture can only occur during the appellate proceedings.

process moves from the trial to the appellate stage").

REVERSED